UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MITCHELL H. KOSSOFF,                : Case No. 14 Civ. 1144 (RWS)

                *Plaintiff*,

-against-

RICKEY FELBERBAUM and FLORIDA
FORECLOSURE ATTORNEYS, PLLC,

              *Defendants*.
------------------------------------------------------------x

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* NO. 1:

# MOTION *IN LIMINE* TO PRECLUDE THE REPORT AND ALL TESTIMONY OF PLAINTIFF'S PROPOSED EXPERT WITNESS RONALD QUINTERO

Dated: New York, New York
      November 2, 2016

## PRELIMINARY STATEMENT

Defendant Ricky Felberbaum and defendant-counterclaim plaintiff Florida Foreclosure Attorneys, PLLC ("FFA") respectfully submit this reply memorandum of law in further support of their motion *in limine* to exclude the Report and all testimony of plaintiff Mitchell Kossoff's proposed expert witness, Ronald Quintero ("Quintero").

## ARGUMENT

In his opposition papers, Kossoff responds to a motion that defendants never made and ignores the fatal problems with the Quintero Report identified by defendants in their moving papers. Kossoff does not even attempt to seriously address defendants' arguments that:

- Because this Court has already dismissed all claims based on the alleged agreement between Kossoff and FFA, and because Quintero's analysis using either the "income approach" or the "distributions approach" presupposes the validity of that agreement, Quintero's first two "analyses" should be precluded.

- Quintero's use of a measure of damages based on the profitability (if any) of FFA is prohibited as a matter of law because, as a non-lawyer in Florida, Kossoff could not be a partner in FFA – in either an official or unofficial manner – or receive a share of the firm's profits. *See* Florida Disciplinary Rule DR-102, DR-103.

- Kossoff's admission that he was not functioning as a turnaround specialist for FFA – and, indeed, has never worked as a turnaround specialist and has no understanding of turnaround specialists – renders Quintero's "lodestar analysis" entirely irrelevant.

- Quintero's "lodestar" analysis is unreliable and does not satisfy the requirements of FRE 702 and *Daubert*.

Instead, Kossoff devotes the bulk of his opposition papers to the question of whether Quintero has the requisite credentials to be qualified as an expert. However, defendants' motion to preclude Quintero's testimony is not premised on whether or not

1

he is able to ever be qualified as an expert – it is based on the fact that Quintero's proposed testimony: (i) is predicated on the existence of an agreement that is unenforceable and prohibited as a matter of public policy; (ii) assumes that Kossoff is a turnaround expert – even though Kossoff testified that he never functioned as a turnaround specialist; and (iii) relies upon data and methodologies that are simply inadequate to support the conclusions reached.

As the Second Circuit has reiterated on multiple occasions, "[e]ven after determining that a witness is 'qualified as an expert' to testify as to a particular matter," the Court must then consider whether "the opinion is based upon reliable data and methodology . . . [and] whether the expert's testimony (as to a particular matter) will 'assist the trier of fact.'" *Nimely v. City of New York*, 414 F.3d 381, 397 (2d Cir. 2005) (citations omitted). As discussed in detail in defendants' moving papers, Quintero's proposed testimony is premised entirely on incorrect assumptions and inadequate data. It should therefore be precluded in its entirety.

Kossoff's other primary argument, that the infirmities of Quintero's testimony are more appropriately the subject of cross-examination, also ignores the teachings of *Nimely*:

> [T]he Supreme Court has also stated that reliability within the meaning of Rule 702 requires a sufficiently rigorous analytical connection between th[e expert's] methodology and the expert's conclusions. "[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence which is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." *General Electric Co. v. Joiner*, 522 U.S. 136, 146, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997). Thus, we have previously stated that "when an expert opinion is based on data, a methodology, or studies

2

> that are simply inadequate to support the conclusions reached, *Daubert* and Rule 702 mandate the exclusion of that unreliable opinion testimony." *Amorgianos*, 303 F.3d at 266.

*Nimely*, 414 F.3d at 396-97.

Indeed, defendants anticipated that Kossoff would make this argument and specifically cited a number of cases addressing it in their moving papers. Kossoff chose to ignore each and every one of those cases. For example, District Judge Haight's opinion precluding an expert's testimony in its entirety in *Gary Price Studios, Inc. v. Randolph Rose Collection, Inc.*, No. 03 Civ. 969, 2006 WL 1319543, at *7-8 (S.D.N.Y. May 11, 2006), is directly on-point. Citing to *Nimely*, District Judge Haight concluded "there is simply too great an analytical gap between the data and the opinion proffered, which is to say, [the expert]'s methodology is simply inadequate to support the conclusions reached. In that circumstance, *Daubert* and Rule 702 mandate the exclusion of the unreliable testimony." *Id.* (citations and quotations omitted). So too here.

And, as District Judge Haight also stated in *Gary Price*: "I reject Plaintiffs' argument, frequently made by proponents of expert testimony, that any imperfections go to weight, not admissibility, and are for the [factfinder] to evaluate following cross-examination. If I were to accept that argument in this case, I would be required to beat my gatekeeper's sword into a ploughshare." *Id.* (citation omitted). Again, so too here.

As such, Quintero's proposed testimony should be precluded in its entirety.

## CONCLUSION AND RELIEF REQUESTED

For the reasons stated above and in defendants' moving papers, defendants respectfully request that this Court enter an Order excluding the Report and all testimony of Kossoff's proposed expert Ronald Quintero. In the event the Court does not exclude Mr. Quintero's Report and testimony in its entirety, defendants request that the Court preclude Mr. Quintero from testifying about the "income approach" and the "distributions approach" and exclude those portions of his Report that relate to those "approaches."

Dated: November 2, 2016

EISEMAN LEVINE LEHRHAUPT
& KAKOYIANNIS, P.C.

/s/ Eric R. Levine
Eric R. Levine
(elevine@eisemanlevine.com)
Eric Aschkenasy
(easchkenasy@eisemanlevine.com)

805 Third Avenue, 10th Floor
New York, New York 10022
(212) 752-1000
*Attorneys for Defendants*