```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
MITCHELL H. KOSSOFF,
                                              14 Civ. 1144 (RWS)
                    Plaintiff,
                                              OPINION and
        - against -                           ORDER

RICKEY FELBERBAUM and FLORIDA FORECLOSURE
ATTORNEYS, PLLC,

                    Defendants.
------------------------------------------X
FLORIDA FORECLOSURE ATTORNEYS, PLLC,

                    Counterclaim-Plaintiff,

        - against -

MITCHELL H. KOSSOFF,

                    Counterclaim-Defendant.
------------------------------------------X
```

**Sweet, D.J.**

Plaintiff Mitchell H. Kossoff ("Kossoff" or the "Plaintiff") and Defendants Rickey Felberbaum ("Felberbaum") and Florida Foreclosure Attorneys, PLLC ("FFA" and, together with Felberbaum, the "Defendants") have submitted conflicting proposed judgments, pursuant to the Court's Opinion of December 19, 2017 (the "Opinion," Dkt. No. 141). Dkt. Nos. 142, 146-47. The Opinion contained the Court's findings of fact and conclusions of law following a bench trial held between June 5

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/8/18

and June 19, 2017.[1] The annexed Judgment, dated January 17, 2018, is based on those findings and conclusions in addition to the following conclusions made after consideration of the parties' submissions.

The parties contest the number of hours that Kossoff worked and for which he is entitled to recovery under his unjust enrichment claim. The hours as counted by Defendants, which extricates hours detailed on the timesheets that were either outside the established timeframe parameters or not on behalf of FFA, or which added reasonable reductions for travel time billed, accords with the parameters of work for which Kossoff established at trial he reasonably expected compensation.[2] See Opinion, 2017 WL 6507122, at *4-5. As such, Kossoff is entitled

---

[1]  Capitalized terms not otherwise defined in this Judgment have the meanings set forth in the Opinion.

[2]  Although this circuit's customary 50 percentage reduction for travel time is regularly applied in the context of attorneys' fees awards, the underlying logic readily applies to this equitable judgment: that a reduction for such billed time is necessary because "it is unlikely that counsel can . . . be operating at 100% productivity discussing matters with his client" while traveling. Dancy v. McGinley, 141 F. Supp. 3d 231, 243 (S.D.N.Y. 2015); see also Barfield v. N.Y. City Health & Hospitals Corp., 537 F.3d 132, 139, 151 (2d Cir. 2008) (affirming district court's determination that "travel time by counsel should be compensated at half-rate, in accordance with established court custom").

to recover for 609.3 hours of work at his standard hourly rate of $450.

The parties contend that each is entitled to prejudgment interest on their respective recovery awards. Under New York C.P.L.R. § 5001, which applies in this diversity action, "in an action of an equitable nature the court has discretion over what interest to award" while "in actions for a breach of contract or property loss the statutory rate [of 9 percent per annum] is mandatory." Finger Lakes Bottling Co. v. Coors Brewing Co., 748 F. Supp. 2d 286, 290 (S.D.N.Y. 2010) (citing C.P.L.R. § 5001(a)); see C.P.L.R. § 5004. By statute, FFA is entitled to prejudgment interest on the amount of its award, which equals the unpaid portion of the Note, starting from the date the principal payment of the Note was due, February 1, 2014, until the date of judgment. Given the relationship of the parties and the efforts that Kossoff has established he made working both for FFA and to acquire payment for his services, the Court finds that equity warrant prejudgment interest on his award as well, which will be calculated starting from April 6, 2013, the date Kossoff renounced the Agreement and severed ties with FFA, through to the date of judgment, using the same New York statutory rate of 9 percent per annum. See Stillman v. InService Am. Inc., 738 F. Supp. 2d 480, 483 (S.D.N.Y. 2010) (granting

prejudgment interest on state law *quantum merit* claim), aff'd, 455 F. App'x 48 (2d Cir. 2012).

The parties contest how to apply paragraph (ii) of the Note, a provision that requires payment for costs and expenses incurred in seeking to collect on the Note, which includes an additional 5 percent sum "of the amount owing on account of this Note at the time of such reference" for attorneys' fees. Note ¶ ii. The amount owing of the Note at all times of reference has been established as $515,000.00, which is the amount from which to calculate the 5 percent for attorneys' fees. Plaintiff's argument that the calculation should be based on the sum to be collected by FFA after offsetting Plaintiff's unjust enrichment recovery is unfaithful to the text of the Note.

Lastly, the parties contest the recovery of costs, with each claiming it is entitled to costs as the prevailing party under Fed. R. Civ. P. 54(d). Under the terms of the Note, Defendants are entitled to costs and expenses accrued in the collection of monies owed on the Note under the terms of the Note. Note ¶ ii. Aside from those contracted-for costs, however, each side shall bear whatever remains of its own costs, as each side presented and prevailed on respective "meritorious claims." Studiengesellschaft Kohle mbh v. Novamont Corp., 548 F. Supp.

234, 236 (S.D.N.Y. 1981); see also 10 Wright, Miller & Kane, Federal Practice and Procedure § 2668 (3d ed. 1998) ("The court's discretion embraces both allowing and disallowing all costs or only particular items. . . . This result has been considered appropriate when neither side entirely prevailed or when both sides prevailed.").

    It is so ordered.

**New York, NY**
**January 17, 2018**

ROBERT W. SWEET
U.S.D.J.